UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WALRATH,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-10-3106-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ORDERING REMAND |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 15.) Attorney James D. Tree represents Christopher Walrath (Plaintiff); Special Assistant United States Attorney Robert L. Van Saghi represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** the matter to the Commissioner for additional proceedings.

**JURISDICTION**

On August 10, 2007, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. (TR. 12; 116.) Plaintiff also filed a Title XVI application for supplemental security income on August 10, 2007. (Tr. 12; 116.) He alleged disability due to seizures. (Tr. 120.) Plaintiff's claim was denied initially and on reconsideration, and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

he requested a hearing before an administrative law judge (ALJ). (Tr. 52-69.)  A hearing was held on September 3, 2009, at which Vocational Expert Pauline Peterson, and Plaintiff, who was represented by counsel, testified. (Tr. 27-47.)  ALJ Douglas S. Stults presided. (Tr. 27.)  The ALJ denied benefits on November 27, 2009.  (Tr. 12-22.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 23 years old and had finished high school. (Tr. 32.)  He lives with one roommate.  (Tr. 32.)  Plaintiff was raised by his grandmother, and immediately after she committed suicide, he resorted to drinking heavily.  (Tr. 34; 39.)  After he stopped drinking, he suffered from a grand mal seizure.  (Tr. 34; 240-42.)   Two weeks later, he suffered another seizure that Plaintiff attributed to stress.  (Tr. 34.)  Plaintiff testified that he was diagnosed with epilepsy, and that as a child, he suffered several petit mal seizures that were misdiagnosed as anxiety attacks.  (Tr. 34.)

Plaintiff testified that between 2002-2006, while working at Pizza Hut, he routinely suffered epileptic seizures. (Tr. 34.)  On September 10, 2007, Plaintiff had a temporal lobectomy that removed his hippocampus. (Tr. 270.)  Plaintiff reported that as a result of surgery, his long-standing depression worsened, and he continued to experience seizures about once per month.  (Tr. 36-39.)  He reports his medications provide little relief.  (Tr. 36-37.) Plaintiff was ultimately fired from the job at Pizza Hut in 2006 for making

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

threats to burn the building. (Tr. 35.) Plaintiff testified that he stopped daily marijuana use in February, 2008. (Tr. 40; 208.)

**ADMINISTRATIVE DECISION**

ALJ Stults found Plaintiff's date of last insured for DIB purposes was December 31, 2011. (Tr. 12.) At step one, he found Plaintiff had not engaged in substantial gainful activity since November 1, 2006. (Tr. 14.) At step two, he found Plaintiff had severe impairments of "epilepsy, status post left temporal lobectomy, September 2007; dementia, related to lobectomy; cognitive disorder, not otherwise specified, provisional; bipolar disorder; rule out borderline personality traits; marijuana abuse; and alcohol and polysubstance abuse, in remission. (Tr. 14.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). (Tr. 16.) In his step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 19.) He found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with nonexertional limitations.

> "The claimant can do no reaching overhead; can perform only simple, repetitive, concrete tasks; no contact with general public; only superficial incidental work-related contact with co-workers; make only simple work-related decisions; deal with only rare (less than 10% of time) changes in work processes or environment with any such change must be presented by demonstration rather than by writing; avoid exposure to workplace hazards, such as dangerous moving machinery, unprotected heights, or operation of moving equipment; no climbing of ropes, ladders or scaffold; and he would miss one day per month of work due to impairments or treatment.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

(Tr. 18.)

ALJ Stults found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 20.) The ALJ found Plaintiff could work as a cannery worker, peel potato inspector, and agricultural sorter. (Tr. 21.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ISSUES**

Plaintiff contends that the ALJ erred by failing to address the opinion of examining doctor Naomi Chaytor, Ph.D., and by improperly

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

rejecting the opinion of Christopher Clark, M.Ed., LMCH. Plaintiff also argues that the ALJ erred in his credibility determination related to Plaintiff and that the hypothetical and resulting RFC were flawed. (ECF No. 14 at 6-17.) Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 16.)

**DISCUSSION**

**A.   Medical Opinions.**

Plaintiff argues that the ALJ improperly rejected the opinions of Plaintiff's treating and examining medical providers. Specifically, Plaintiff complains that the ALJ erred by failing to discuss the evaluation by Naomi Chaytor, Ph.D. (ECF No. 14 at 10.) Plaintiff also argues that the ALJ erred by dismissing the opinion of Christopher Clark, M.Ed., LMHC, solely because Mr. Clark was not an "acceptable medical source." (ECF No. 14 at 11.)

The Defendant responds that Dr. Chaytor's opinion was not a "medical opinion," but instead was an opinion concerning the ultimate issue of disability and, therefore, the ALJ did not need to mention Dr. Chaytor's evaluation in the opinion. (ECF No. 16 at 9-10.) In the alternative, the Defendant responds the failure to address Dr. Chaytor's opinion was harmless error. (ECF No. 16 at 10.) Defendant also responds that the ALJ gave proper reasons for rejecting Mr. Clark's opinion. (ECF No. 16 at 11.)

In this case, the ALJ gave great weight to the opinion of Dr. Sloop, Plaintiff's treating physician, who indicated Plaintiff had mild mental impairments. (Tr. 19.) The ALJ also gave great weight to the reviewing state psychologists' assessments of the mental impairments, and to the opinion of examining physician Dr. Toews.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

(Tr. 19.) With regard to physical impairments, the ALJ gave great weight to the April 2009 opinion from Plaintiff's treating orthopedist, Dr. Snyder. (Tr. 20.) The ALJ did not discuss Dr. Chaytor's assessment of Plaintiff.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See *Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician if that opinion is brief, conclusory, and inadequately supported by clinical findings or is not supported by the record as a whole. *Batson*, 359 F.3d at 1195; see also *Red v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31.

**1. Naomi Chaytor, Ph.D.**

Dr. Chaytor examined Plaintiff on January 6, 2007. (Tr. 208.) She administered a battery of tests, and concluded that overall, Plaintiff is markedly compromised in his psychosocial functioning. (Tr. 211.) Dr. Chaytor opined that Plaintiff has a long-standing learning disability, and a history of ADHD. (Tr. 211.) Dr. Chaytor also found that Plaintiff met the criteria for several psychiatric

disorders, and recommended he begin psychotherapy and psychotropic medication. (Tr. 211.) Dr. Chaytor concluded, "[m]anagement of his psychiatric symptoms will likely lead to greater functional independence, as this appears to be a significant barrier to successful employment." (Tr. 211.)

While an ALJ "need not discuss all evidence presented," the ALJ must explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). In this case, the opinion of Dr. Chaytor, an examining physician, is entitled to greater weight than the state reviewing physicians. *Lester*, 81 F.3d at 830-31. Because Dr. Chaytor's opinion is contradicted, the ALJ must provide "specific and legitimate" reasons, supported by substantial evidence in the record, that justify rejecting her opinion. *Id.* at 830-31. The ALJ's failure to provide "specific and legitimate" reasons, or any reasons at all, for rejecting Dr. Chaytor's opinion was error.

The Defendant's contention that Dr. Chaytor's opinion need not be discussed because it was an opinion about the ultimate disability determination is not well taken. The Ninth Circuit recognizes that "[i]n disability benefits cases, physicians typically provide two types of opinions: medical opinions that speak to the nature and extent of a claimant's limitations, and opinions concerning the ultimate issue of disability, i.e., opinions about whether a claimant is capable of any work, given her or his limitations." *Holohan v. Massanari*, 246 F.3d 1195, 1202-1203 (9th Cir. 2001). Accordingly, an ALJ may reject a treating physician's uncontradicted opinion on the ultimate issue of disability only with "clear and convincing" reasons supported by substantial evidence in the record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

*Holohan*, 246 F.3d at 1202-03. "If the treating physician's opinion on the issue of disability is controverted, the ALJ must still provide 'specific and legitimate' reasons in order to reject the treating physician's opinion." *Id.* As a result, the ALJ's failure to address the opinion was error.

Defendant also argues that the failure to address Dr. Chaytor's opinion was harmless error. An error is harmless if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). In this case, Dr. Chaytor opined that Plaintiff was unable to work and, thus, the opinion cannot be classified as "inconsequential" to the ultimate nondisability determination. The ALJ's failure to address the opinion does not constitute harmless error.

**2.   Christopher Clark, M.Ed., LMHC**

Plaintiff also argues that the ALJ erred by rejecting the opinion of Christopher Clark, M.Ed., LMCH, simply because he is a non-accepted medical source. The ALJ stated he rejected the March 2007 opinion from "the licensed mental health clinician" because the opinion was not "from an acceptable medical source and [was] inconsistent with findings of the acceptable medical sources, Dr. Toews and Dr. Sloop." (Tr. 20.)

Mr. Clark completed a Psychological/Psychiatric Evaluation on March 5, 2007. (Tr. 407-12.) Mr. Clark assessed Plaintiff with marked impairments in his ability to (a) understand, remember, and follow complex (more than two step) instructions; (b) exercise judgment and make decisions; (c) relate appropriately to co-workers and supervisors; (d) interact appropriately in public contacts; (e)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

respond appropriately to and tolerate the pressure and expectations of a normal work setting; and (f) control physical or motor movements and maintain appropriate behavior. (Tr. 409.) Mr. Clark also indicated that Plaintiff had several moderate impairments. (Tr. 409.)

An ALJ is required to consider all of the evidence available in a claimant's case record, including evidence from medical sources. 42 U.S.C. § 423(d)(5)(B); see also 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive."). The term "medical sources" refers to both "acceptable medical sources" and other health care providers who are not acceptable medical sources. See 20 C.F.R. §§ 404.1502 and 416.902. In addition to evidence from the acceptable medical sources, the ALJ is required to review evidence from other sources to establish the severity of a claimant's impairments and how it affects the claimant's ability to work. 20 C.F.R. § 404.1513(d).

Although an ALJ may give less weight to the opinions of those who are not acceptable medical sources than to those who are, the ALJ did not do this, but rather rejected Mr. Clark's assessment solely on the basis that he was not an acceptable medical source. *See Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996); 20 C.F.R. § 404.1513(a), (d), 20 C.F.R. § 416.913(a), (d). However, in certain circumstances, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. . . ." Social Security Ruling ("SSR") 06-03p. The ALJ's dismissal of Mr. Clark's assessment based on the fact that he was not an acceptable medical source was error.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

The second reason the ALJ cited for dismissing Mr. Clark's assessment was that his opinion was "inconsistent with findings from acceptable medical sources, Dr. Toews and Dr. Sloop." (Tr. 20.) "The ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* Although the ALJ may have found "specific, legitimate reasons" to dismiss Mr. Clark's conclusions, he did not address in his written decision. See *Thomas,* 278 F.3d at 957. The ALJ's unsupported assertion that Mr. Clark's assessment contradicts the medical opinions of Dr. Toews and Dr. Sloop, without more, is inadequate and constitutes error.

**B.   Credibility.**

Plaintiff argues that the ALJ erred in finding Plaintiff's testimony not credible. (ECF No. 14 at 13.) The Defendant responds that the ALJ provided clear and convincing reasons to support the adverse credibility finding. (ECF No. 16 at 12.)

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In resolving questions of credibility and conflicts in the evidence,

an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* In other words, the ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ concluded that Plaintiff's statements about the intensity, persistence and limiting effects of his symptoms were not credible. (Tr. 19.) The ALJ explained that the medical evidence indicates that Plaintiff has "residuals from surgery, seizures and his history of substance abuse." (Tr. 19.) In discounting Plaintiff's credibility, the ALJ simply stated "[t]he above residual functional capacity takes into full account the claimant's credible allegations of limitations caused by pain, side effects of medication of seizures and medication, residuals of surgery and depression." (Tr. 19.)

The ALJ failed to identify the testimony he found not credible, and failed to identify evidence that undermines the Plaintiff's complaints. As a result, the ALJ's credibility determination is not supported by specific, cogent reasons and the credibility determination must be revisited on remand.

**C.  Step Five.**

Plaintiff argues that the hypothetical posed to the VE was incomplete and as a result, Plaintiff's RFC was not accurate. (ECF No. 14 at 16.) The Defendant responds that the RFC accounts for all of Plaintiff's credible physical and mental limitations. (ECF No.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

16 at 14.) On remand, after the ALJ properly assesses the medical evidence and Plaintiff's credibility, if necessary, the ALJ should make a new residual functional capacity finding and obtain additional testimony from a vocational expert.

**D.   Remedy**

The ALJ failed to provide sufficient reasons for rejecting the opinions of Dr. Chaytor and Mr. Clark.  Two remedies exist where there is a failure to provide adequate reasons for rejecting the opinions of a treating or examining physician.  The general rule is that "we credit that opinion as a matter of law." *Lester*, 81 F.3d at 834.  Alternatively, the court may remand to allow the ALJ to provide the requisite "specific" and "legitimate reasons" for disregarding the opinion. *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)(court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990). In this case, there may be evidence in the record which the ALJ could cite to provide the requisite specific, legitimate reasons for rejecting the opinions of Dr. Chaytor and Mr. Clark, and for discounting Plaintiff's credibility, so remand is the proper remedy.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ should reconsider the opinions of Dr. Chaytor and Mr. Clark and support his

findings with specific, legitimate reasons supported by substantial evidence in the record. The ALJ should also reconsider Plaintiff's credibility and provide detailed findings indicating what testimony is not credible and discussing the evidence that undermines the Plaintiff's complaints.  If necessary, the ALJ should make a new residual functional capacity finding and obtain additional testimony from a vocational expert.  Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**;

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED.**

DATED August 1, 2012.


                    <u>S/ CYNTHIA IMBROGNO</u>
                UNITED STATES MAGISTRATE JUDGE